**In re Randall PARSONS, Debtor.**

**Bankruptcy No. ST92–84428.**

United States Bankruptcy Court, W.D. Michigan, N.D.

Nov. 23, 1993.

Stowe, Darling & Boyd, (A. Brooks Darling, argued), Traverse City, MI, for Trustee.

Wallace H. Tuttle, Traverse City, MI, for debtor.

Marci B. McIvor, Asst. Atty. Gen., Detroit, MI, for State of Michigan.

Varnum, Riddering, Schmidt & Howlett, (Thomas G. Demling, argued), Grand Rapids, MI, for Estate of William Wright.

---

Plunkett & Cooney, P.C. (Douglas Young, briefed), Detroit, MI, for United Pacific Life Ins. Co.

William C. Bowron, Conservator of Estate of Randall Jerome Parsons, in pro per.

## OPINION AND ORDER DISALLOWING EXEMPTION

JO ANN C. STEVENSON, Bankruptcy Judge.

### Factual Background.

This matter came before the court for hearing on objections by the Chapter 7 Trustee, the Michigan Department of Treasury ("Treasury"), and the Estate of William Wright ("Wright estate") to the Debtor's exemption of his interest in an annuity.

The facts of this case are straightforward. The Debtor in this case was convicted of second degree homicide in the death of William Wright. The homicide and the Debtor's conviction are the source of the two most significant claims against the estate. One claim is by Treasury for the Debtor's maintenance in a correctional facility under the State Correctional Facility Reimbursement Act, MICH.COMP. LAWS ANN. § 800.401 *et seq.* The other is a wrongful death claim brought by the estate of William Wright.

The Debtor has one significant asset: monthly payments from United Pacific Life Insurance Company ("United Pacific") under an annuity contract. The Debtor received his interest in the annuity contract in settlement of a claim he asserted against Mason County. The annuity contract, attached to United Pacific's brief as Exhibit A, provided for monthly payments of $1,628.47 commencing November 13, 1989. The payments were to increase annually at a compound rate of 3% and were to continue for 360 months. The Application for Annuity, which by the terms of the annuity contract is part of the agreement, identifies the "Owner" of the annuity as Reliance Insurance Companies (Mason County's insurance carrier in the underlying suit). United Pacific Life's Responsive Brief With Regard to Debtor's Chapter 7 Plan, Exhibit A, at 4, 6 (Application for Annuity). The term "Annuitant" is defined in the contract as "the person named in the

Contract Data who is the measuring life for payment of the Annuity under this Contract." *Id.* at 5. That person is identified as Randy Jerome Parsons. *Id.* at 3. The contract states as follows regarding the "Payee" under the annuity: "The Payee will receive the Annuity payments. If a separate Payee is not appointed to receive the payments, the Owner will be the Payee. The Owner may change the Payee at any time by sending Notice to us." *Id.* at 5. The Application for Annuity identifies the Payee as William C. Bowron, Conservator of the Estate of Randy Jerome Parsons ("Bowron"). *Id.* at 6. Finally, the annuity contract contains the following provision:

> The Annuity payments will not be subject to the debts, contacts, or engagements of any person entitled to such payments by the terms of this Contract. Nor will any of such payments be subject to any judicial process to levy or attach them. This protection is given to the extent allowed by law.

*Id.* at 5.

Parsons filed a voluntary petition for relief under chapter 13 of the Bankruptcy Code on August 10, 1992. At his request, this proceeding was converted to chapter 7 on March 31, 1993. On May 7, 1993 the Debtor amended his exemptions. Pursuant to the amendment, he elected state law exemptions in his chapter 7 case and has sought to exempt the payments he receives on the annuity and the prior payments currently held by the chapter 13 Trustee under MICH.COMP. LAWS ANN. §§ 500.2207 and 500.4054. The Wright estate, Treasury, and the chapter 7 Trustee each filed timely objections to the exemptions. The Wright estate and the Trustee both objected based upon their interpretation of the cited exemption statutes. Treasury raises the same argument as the Trustee and the Wright estate, but in addition asserts that regardless of the interpretation of MICH. COMP.LAWS ANN. §§ 500.2207 and 500.4054, the more specific and narrower language of the State Correctional Facility Reimbursement Act renders the exemption ineffective as to its claim. This matter came on for hearing in Traverse City on October 14, 1993.

### Jurisdiction.

The court has jurisdiction over this matter, 28 U.S.C. § 1334(b), which is a core proceeding, 28 U.S.C. § 157(b)(2)(B).

### Discussion.

■ The Debtor's exemption relies upon two state statutes. The Debtor first cites MICH.COMP.LAWS ANN. § 500.2207. Subsection (1) of that provision relates only to insurance policies for husbands and fathers, and is not relevant to this case. Subsection (2) states in relevant part as follows:

> If a policy of insurance, or contract of annuity (whether heretofore or hereafter issued) is effected by any person on his own life or on another life in favor of a person other than himself, or (except in cases of transfer with intent to defraud creditors) if a policy of life insurance is assigned or in any way made payable to any such person, the lawful beneficiary or assignee thereof (other than the insured or the person so effecting such insurance, or his executors or administrators) shall be entitled to the proceeds and avails (including the cash value thereof) against the creditors and representatives of the insured and of the person effecting the same....

The second statute, MICH.COMP.LAWS ANN. § 500.4054, provides in part that:

> (1) Any authorized life insurer shall have power to hold the proceeds of any life or endowment insurance or annuity contract issued by it ... (b) with such exemptions from legal process and the claims of creditors of beneficiaries other than the insured....
>
> (3) Any life or endowment insurance or annuity contract issued by a domestic, foreign or alien insurer may provide that the proceeds thereof or payments thereunder shall not be subject to the claims of creditors of any beneficiary other than the insured; and if the said contract so provides, the benefits accruing thereunder to such beneficiary other than the insured shall not be transferable nor subject to commutation or encumbrance, or to process.

With regard to these statutes, the Trustee's brief quite accurately states that, "Although these statutes specify that they are applicable to annuity contracts, they fail to accommodate the differences between life insurance and annuity situations." Memorandum in Support of Trustee's Objection to Exemptions at 3. More specifically, in identifying the various parties to the contracts the statutes use labels associated with insurance contracts rather than annuities. The statutes refer to "insureds," "insurers," and "beneficiaries," while the annuity contract at issue here refers to an "annuitant," an "owner" and a "payee." Neither the research of the parties or the court's own review of applicable law unearthed any Michigan cases addressing this statutory shortcoming. In interpreting this statute, this court must apply Michigan law. Where there are no state law cases interpreting a state law exemption, federal courts have the power to interpret the exemption statute. *Frost v. County of Santa Barbara (In re Frost)*, 111 B.R. 306, 310 (Bankr.C.D.Cal.1990).

■ In interpreting what the titles used in the statute mean in the context of an annuity contract, we must look at the language of the statute as a whole. *Girard v. Wagenmaker*, 437 Mich. 231, 238, 470 N.W.2d 372 (1991). We do this by first ascertaining what the intent of the statute was in the context of an insurance contract, and then assigning titles by applying the same rationale in the annuity context. Turning first to MICH.COMP.LAWS ANN. § 500.2207, it is helpful to read the statute without qualifying language not relevant in this case:

> If a policy of insurance ... is effected by any person ... on another life in favor of a person other than himself, the lawful beneficiary [of the insurance policy, excluding a beneficiary who is the insured or policy holder] shall be entitled to the proceeds ... against the creditors ... of the insured and of the person effecting the [insurance policy] ...

In the insurance context, the policy of this statute is to protect the beneficiary against creditors of the insured and the policy holder where the beneficiary is neither the insured nor the policy holder. Translating this to the language of annuities, the policy would protect the payee, who receives the "benefit" of

the contract, from the creditors of the annuitant (who, like the "insured" is the person by whose life the insurer's obligations are measured) or the owner (who is the person, like a policy holder, "effecting" the contract). Going one step further, the statute would therefore protect Bowron, the payee, from creditors of Parsons, the annuitant, or Reliance, owner of the annuity.

■ If our analysis ended here, then clearly the annuity would be exempt; Bowron would be insulated from Parsons' creditors. However, Bowron is not the payee in his own right, but instead holds that title in his role as Conservator of the Estate of Randy Jerome Parsons pursuant to the Mason County Probate Court's June 23, 1989 Order Appointing Guardian and/or Conservator of Adult. Thus, the critical question is whether Bowron, as Conservator of the Estate of Randy Jerome Parsons, can be considered a "beneficiary ... other than the insured" as that phrase is used in MICH.COMP.LAWS ANN. § 500.2207. This question cannot be answered within this statute but requires an analysis of the rights of creditors under the provisions of the Michigan Probate Code.

The identical problem arises in interpreting MICH.COMP.LAWS ANN. § 500.4054. Using the same methodology, it can be seen that in the insurance context, subsection (1) protects an insurer holding the proceeds of a policy. In the instant setting, this would be United Pacific, against whom no party has asserted a claim. Thus, subsection (1) is not applicable to this case. Subsection (3) however contains the same "beneficiary other than the insured" language and thus requires resolution of the probate issue in order to determine whether Parsons falls within the scope of the exemption: "Any ... annuity contract issued by a[n] ... insurer may provide that the proceeds thereof or payments thereunder shall not be subject to the claims of creditors of any *beneficiary other than the insured.*" *Id.* (emphasis supplied). The annuity contract at issue in this case does have the requisite language required by the statute, but as with § 500.2207, we conclude that in this context, Bowron in his capacity as conservator is the beneficiary and Parsons is the insured. Thus the same probate question

must be resolved before we may determine whether this annuity is exempt.

No one contests the fact that to the extent that Bowron is a beneficiary, he holds that position not in his own right but as a fiduciary of the Estate of Randall Jerome Parsons. *See* MICH.COMP.LAWS ANN. §§ 700.477, 700.501, and 700.544. Under the annuity, which identifies the Payee as William C. Bowron, Conservator of the Estate of Randy Jerome Parsons, title to the proceeds vests not in Bowron personally, but in his name in trust for the estate which he manages. This is expressly stated in MICH.COMP.LAWS ANN. § 700.480 the first sentence of which states as follows:

> The appointment of a conservator vests in the conservator title as trustee to all property of the protected person, presently held or thereafter acquired, including title to any property theretofore held for the protected person by custodians or attorneys in fact.

If this section of the Michigan Probate Code ended here, we would be no closer to an answer to the issue raised in this case than before. However, the next sentence of this section instructs us specifically what the effect of vesting property in the conservator is to have for the purpose of interpreting other Michigan statutes: *"The appointment of a conservator is not a transfer or alienation within the meaning of general provisions of any federal or state statute...."* MICH. COMP.LAWS ANN. § 700.480 (emphasis supplied).

Thus what we have before us are general provisions of state statutes exempting the proceeds of insurance contracts in certain limited circumstances. Chief among the circumstances required to be present is that the "beneficiary," or as this court has previously ruled, "Payee," be distinct from the "insured," or "Annuitant." The language cited above tells us that when construing this state statute we are *not* to make a distinction between the conservator and the protected person. It follows that for purposes of these exemption provisions the conservator is not a "beneficiary other than the insured."

The Debtor argues that other provisions in the Michigan Probate Code permit the con-

servator to make expenditures on behalf of the protected person's dependents, citing MICH.COMP.LAWS ANN. §§ 700.463, 700.-484(3)(s) and 700.488. Apparently the suggestion is that since the Debtor's would-be dependents are obviously "beneficiaries other than the insured," the conservator should likewise be deemed to be a "beneficiary other than the insured." The flaw in this argument is that under the express terms of the annuity contract the Debtor's dependents, assuming he has some, are not named as payees or even contingent payees. Had the annuity named the Debtor as the payee directly, he surely would have had the power outside of bankruptcy to expend some or all of the proceeds on the support of his dependents. The fact that the Debtor may or may not make such expenditures would not somehow render him a "beneficiary other than the insured," thus bringing the annuity contract within the purview of the exemption. By the same token, provisions of the Probate Code which merely give to the conservator the same powers which the protected person would otherwise have cannot have this effect either.

While not essential to our holding, we find that this interpretation of the applicable state statutes best gives effect to the apparent intention of the Michigan legislature in enacting the various insurance and probate provisions at issue here. As stated earlier the exemption provisions cited by the Debtor are focused on the protection of third parties who benefit from insurance contracts and annuities from the creditors of the insured or annuitant. Typically these parties would be the insureds or annuitants dependents, although several of the exemption provisions contain no such requirement. The policy of the Probate Code as embodied in MICH.COMP. LAWS ANN. § 700.480, on the other hand, is to preserve the assets of the protected person while at the same time making the transfer of control over the estate to the conservator transparent for the purposes of construing other statutes. Reading these statutes together, the treatment of a conservator as a "beneficiary other than the insured" under MICH.COMP.LAWS ANN. §§ 500.2207 and 500.-4054 would frustrate both the policy of protecting parties other than the annuitant as

expressed in the exemption statute, and the policy of making the conservatorship transparent under other state statutes.

Accordingly,

IT IS ORDERED that the exemption of the annuity and its proceeds is disallowed.